IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID OPPENHEIMER                          :
P.O. Box 8105                              :
Asheville, NC 28814                        :
                                           :
                        Plaintiff,         :
                                           :
                   v.                      :    Civil Action No.
                                           :
SONGMANGO.COM, LLC                         :
2220 Observatory Place, NW                 :
Washington, DC 20007                       :
                                           :
                                           :
                        Defendant.         :

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## WITH DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT

For its Complaint for Copyright Infringement, SongMango.com, LLC, (hereinafter "Defendant"), the Plaintiff states as follows:

1.    All of the allegations and other factual contentions herein made are based upon information and belief, after an inquiry reasonable under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

2.    This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq., as amended).

### I. Jurisdiction

3.    This Court has jurisdiction over the subject matter and the parties, under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq.), and pursuant to 28 U.S.C. Sections 1331 and 1338.  This Court has in personam jurisdiction over Defendant under D.C. Code Ann.

Section 12-422 (enduring relationship).   The facts forming the basis of the complaint, as hereinafter alleged, occurred in material part within the District of Columbia, and in this judicial district.   This cause of action arises out of acts and events that occurred in material part in the District of Columbia, and within this judicial district.

## II. Venue

4.   Venue is based on 28 U.S.C. Section 1391 and Section 1400(a).   Defendant is organized in and maintains a business office in the District of Columbia in this judicial district.

## III. Facts

5.   David Oppenheimer, (hereinafter "Plaintiff") is an individual living in the State of North Carolina.

6.   Plaintiff is in the business of providing full service event photography, including but not limited to concerts and professional events, and the licensing and selling of concert, event, aerial, travel, and landscape photography to high profile print and online magazines, online media outlets, other businesses and individuals throughout the United States.

7.   Plaintiff is the owner of copyright in one (1) photograph registered for copyright under Certificate of Registration VAu 1-069-656, titled "2011 Bonnaroo Music Festival and Steel Pulse Concert Unpublished Photos," bearing an effective date of registration of June 18, 2011 (Exhibit A).   Plaintiff is also the owner of copyright in one (1) photograph registered for copyright under Certificate of Registration VA 1-705-580, titled "Photography by David Oppenheimer," bearing an effective date of registration of March 7, 2010 (Exhibit B).   Exhibits A and B are hereinafter referred to individually as "Plaintiff's work" and collectively as "Plaintiff's works."

2

8.     Defendant is a limited liability company organized under the laws of the District of Columbia and has registered to transact business in the District of Columbia.  Defendant operates out of and conducts business in its office located in the District of Columbia.  Defendant is in the business of providing articles, written reviews, and photographs of musicians, concerts and songs, particularly of the Rock-n-Roll genre, online, and engages in this business in the District of Columbia.

9.     As part of its business, Defendant promotes in-house composed articles and written reviews on songs, musicians, and concerts, which often include photographs of musicians, on its website, www.songmango.com. Photographs of musicians are used to enhance the content of articles in order to draw new readers and subscribers while maintaining Defendant's current reader and subscriber base.

10.    On or around September 19, 2014, Defendant published an article on its website, songmango.com, featuring a copy of Plaintiff's work titled "2011 Bonnaroo Music Festival and Steel Pulse Concert Unpublished Photos." On or around November 26, 2014, Defendant published an article on its website, songmango.com, featuring Plaintiff's work titled "Photography by David Oppenheimer."  A copy of Defendant's uses of Plaintiff's works on its website is attached as Exhibit C and is hereinafter referred to as "Defendant's work."

11.     Defendant directly and or through its employees had access to the Plaintiff's works.

12.    Defendant's work is strikingly similar to, and substantially similar to, Plaintiff's works, which was copied from the Plaintiff's works.

13.    Defendant removed the Plaintiff's copyright management information from Plaintiff's works that the Defendant used as Defendant's work knowing, or having reasonable

3

grounds to know, that the removal of Plaintiff's copyright management information would induce, enable, facilitate, or conceal the infringement of Plaintiff's rights.

14.    Plaintiff has not authorized the copying or use of the Plaintiff's works by Defendant in any format, or in the form herein complained of Defendant's work or otherwise.

15.    Upon learning of Defendant's work and the unauthorized use of Plaintiff's works, Plaintiff contacted Defendant on April 2, 2015.    Plaintiff sought remuneration for the unauthorized use of Plaintiff's work.    Plaintiff graciously extended Defendant pricing for the unauthorized use under a pricing structure that was at or about Plaintiff's customary rates and the opportunity to establish a licensing agreement for future use of Plaintiff's works and other images created by Plaintiff.    Defendant ignored Plaintiff's request for compensation and continued to use Plaintiff's works, compelling Plaintiff to retain Counsel.

16.    Plaintiff's counsel once again gave Defendant notice of Plaintiff's copyright ownership in Plaintiff's works on August 31, 2015, and again on October 5, 2015.    After being contacted by counsel, Defendant continued to prevaricate regarding Plaintiff's efforts to obtain full payment.    Rather than simply make the payment, Defendant has instead sought to exploit the inconvenience and cost of legal proceedings, and the costs Plaintiff incurs for legal services. Defendant has also sought pricing concessions from Plaintiff that are far below Plaintiff's licensing fees.    Were Plaintiff to concede to the completely unreasonable and entirely unwarranted pricing concessions, it would be cheaper to steal Plaintiff's works, than to license it; Plaintiff would soon be out of business under such a business model.

17.    Defendant continued to display Defendant's infringement of Plaintiff's works in Defendant's work's original context on its website, songmango.com, until at least October 23,

2015.  A copy of Defendant's continued use of Plaintiff's works on its website on October 23, 2015 is attached as Exhibit D.

18.   Defendant continues to display Defendant's infringement of Plaintiff's works on its website, songmango.com. A copy of Defendant's continued use of Plaintiff's works on its website on July 20, 2016 is attached as Exhibit E.

19.   Defendant continues to advertise, display, and or publish Defendant's use of Plaintiff's work titled "Photography by David Oppenheimer."  Copies of Defendant's continued use of Plaintiff's work displayed on Google.com on July 20, 2016, and on September 2, 2016 are attached as Exhibit F.

20.   The Defendant's advertisement, display, and or publication of Defendant's work, has infringed and, if not terminated, continues to infringe upon Plaintiff's rights in the Plaintiff's work.

21.   Defendant knew or should have known that the Plaintiff's permission was required to use Plaintiff's works in any formant, or on Defendant's website, songmango.com.

22.   Defendant had the right and ability to supervise the infringing conduct of its employees and or other agents who directly infringed on Plaintiff's copyright ownership in Plaintiff's works.

23.   Defendant intentionally, wantonly, and or recklessly disregarded rights it knew or reasonably should have known were claimed in Plaintiff's work, when causing the creation of, and or when advertising, displaying, and or publishing Defendant's work.

24.   Defendant intentionally, wantonly, and or recklessly disregarded rights it knew or reasonably should have known were claimed in Plaintiff's works when Defendant continued to

advertise, display, and or publish Defendant's work after receiving notice from Plaintiff of Plaintiff's copyright ownership in Plaintiff's works.

25. Defendant's infringement of Plaintiff's copyright has directly and proximately caused Plaintiff monetary damages, in an amount thus far not determined, and subject to proof at trial.

26. Plaintiff has lost profits as a result of Defendant's infringement, in an amount thus far not determined, and subject to proof at trial.

27. Defendant has realized profits from the use of the Defendant's work in an amount unknown and subject to proof at trial.

### IV. Causes of Action: Copyright Infringement

28. Paragraphs 1 through 27 above are incorporated herein.

29. Defendant's advertisement, display and or publication of Defendant's work bearing Plaintiff's works, without Plaintiff's authorization constitutes copyright infringement, and violates Plaintiff's rights under Title 17 of the United States Code, Section 106, to make and authorize the making of copies and derivative versions of the Plaintiff's works, and Plaintiff's right to distribute and display copies and derivations of Plaintiff's works.

30. Defendant is liable for contributory and vicarious copyright infringement under Title 17 of the United States Code, Section 106, because Defendant had the right and ability to supervise the infringing conduct of its employees and or other agents, and because Defendant had a direct financial interest in the infringing conduct.

31. Defendant's removal or alteration of Plaintiff's copyright management information on Plaintiff's work violates Title 17 of the United States Code, Section 1202(b).

WHEREFORE, PLAINTIFF DEMANDS:

1.     That, pursuant to Title 17 U.S.C., Defendant, their agents, servants and or employees, and all parties in privity with them be enjoined permanently from infringing on Plaintiff's registered copyrights, in any manner, including, but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising any copies of the Plaintiff's works or by causing and/or participating in such manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

2.     That, pursuant to Title 17 U.S.C., Defendant be required to deliver up for destruction all merchandise, brochures, literature, advertising materials and other items incorporating or bearing a representation of any image that directly or indirectly use matter created by Plaintiff or which copy Plaintiff's works.

3.     That Defendant be required to pay to Plaintiff such actual damages, pursuant to Title 17, as Plaintiff may have sustained in consequence of their infringements and all profits derived from and attributable to their infringements of Plaintiff's copyrights, including without limitation license fees, and the value of injury to Plaintiff's copyrights.  Plaintiff requests Defendant account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from Defendant's infringement of Plaintiff's works since the date of the first act of infringement.

4.     That Defendant be required to pay an award of statutory damages in a sum to be determined at trial for any infringement(s) of Title 17 U.S.C. Section 106, found to have occurred after registration of Plaintiff's works that did not commence prior to the registration of

Plaintiff's works, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

5.     That, pursuant to 17 U.S.C. Section 504, Defendant be required to pay an award of increased statutory damages in sum of not less than $30,000 per infringement or more than $150,000 per infringement for any willful infringement(s) found to have occurred after registration of Plaintiff's works that did not commence prior to the registration of Plaintiff's works, to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

6.     That, pursuant to 17 U.S.C. Section 505, Defendant be required to pay reasonable attorneys' fees to Plaintiff's attorneys for Defendant's violation of Title 17 U.S.C. 101 et seq., as amended.

7.     That, pursuant to 17 U.S.C. Section 1203(c)(2), Defendant be required to pay to Plaintiff such actual damages Plaintiff may have sustained in consequence of Defendant's violation of 17 U.S.C. Section 1202(b), and all profits attributable to the violation that are not taken into account in computing the actual damages.  Plaintiff requests Defendant account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from Defendant's violation of 17 U.S.C. Section 1202(b).

8.     That, pursuant to 17 U.S.C. Section 1203(c)(3), Defendant be required to pay an award of statutory damages in a sum to be determined at trial for any violation of Title 17 U.S.C. Section 1202(b), to the extent that same may be permitted by law, and should these statutory remedies be elected and be applicable.

9.    That, pursuant to 17 U.S.C. Section 1203(b), Defendant be required to pay reasonable attorneys' fees to Plaintiff's attorneys for Defendant's violation of Title 17 U.S.C. 1202(b).

10.   That, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Defendant be required to pay Plaintiff's full costs in this action.

11.   That the Court grant pre- and post-judgment interest, and delay damages.

12.   That Plaintiff have such other and further relief as the Court may deem just and appropriate in the circumstances.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Trial Counsel
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 443-450-3247
Email:  j.silverberg@ipgpc.com
DC Bar Member # 349605

/s/John D. Mason

John D. Mason
Copyright Counselors, LLC
7315 Wisconsin Ave.
Suite 400 West
Bethesda, MD 20814
Telephone: (888) 313-3637
Facsimile: (301) 760-7032
Email: jmason@copyrightcounselors.com
DC Bar No. 464072

/s/ Michael G. Oliver

Michael G. Oliver
The Intellectual Property Group
Professional Corporation
1050 30th Street NW
Washington, DC 20007
Telephone: 202-466-2787
Facsimile: (888) 749-2787
Email: m.oliver@ipgpc.com
DC Bar Member # 1027183

<u>VERIFICATION</u>

I, _David Oppenheimer_, hereby certify that the factual allegations in the foregoing Complaint are true to the best of my information, knowledge, and belief.

_David Oppenheimer_
David Oppenheimer


<u>PLAINTIFF'S DEMAND FOR A JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues triable of right by jury, including the issues of statutory and other damages.

Respectfully Submitted,

/s/James Lorin Silverberg

James Lorin Silverberg, Trial Counsel
The Intellectual Property Group, P.C.
1050 30th Street NW
Washington, DC  20007
Telephone: 202-466-2787
Facsimile: 443-450-3247
Email:  j.silverberg@ipgpc.com
DC Bar Member # 349605

/s/John D. Mason

John D. Mason
Copyright Counselors, LLC
7315 Wisconsin Ave.
Suite 400 West
Bethesda, MD 20814
Telephone: (888) 313-3637
Facsimile: (301) 760-7032
Email: jmason@copyrightcounselors.com
DC Bar No. 464072

/s/ Michael G. Oliver

Michael G. Oliver
The Intellectual Property Group
Professional Corporation
1050 30th Street NW
Washington, DC 20007
Telephone: 202-466-2787
Facsimile: (888) 749-2787
Email: m.oliver@ipgpc.com
DC Bar Member # 1027183